THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **LOCAL 710 HEALTH & WELFARE FUND,** )<br>  )<br>**Plaintiff,** )<br>  )<br>v.  )<br>  )<br>**SCALA PACKING COMPANY, INC.,** )<br>an Illinois Corporation, )<br>  )<br>**Defendant.** ) | No. | FILED: MARCH 20, 2008<br>08CV1631    TC<br>JUDGE COAR<br>MAGISTRATE JUDGE COX |

## C O M P L A I N T

Plaintiff, LOCAL 710 HEALTH & WELFARE FUND, by and through their Attorney, Robert B. Greenberg of Asher, Gittler, Greenfield & D'Alba, Ltd., complaining of Defendant, SCALA PACKING COMPANY, INC., an Illinois Corporation, alleges as follows:

1. This action is brought under the provisions of Sections 502(g)(2), (a)(3), of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C., Secs. 1132(g)(2), (a)(3), and 1145.

2. Jurisdiction in this Court is based upon Sections 502(e)(1) and 502(e)(2) of ERISA [29 U.S.C. Sec. 1132(e)(1) and (e)(2)], which states in relevant part:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

3. The LOCAL 710 HEALTH, WELFARE AND PENSION FUNDS, ("Funds") have been established pursuant to collective bargaining agreements heretofore entered into between the International Brotherhood of Teamsters, Local Union No. 710 ("Union") and Defendant, and the Funds are maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA and other applicable federal law and the Funds are administered pursuant to the terms and provisions of a certain Restated Agreement and Declaration of Trust ("Trust Agreement").

4. The Funds' offices are located at 4217 South Halsted Street, Chicago, Illinois 60609, and the Funds are administered in the Northern District of Illinois.

5. As provided in the Trust Agreement, Plaintiff is required to receive, hold and manage all monies required to be contributed to the Funds in accordance with the provisions of the then applicable Collective Bargaining Agreement for the uses and purposes set forth in the Trust Agreement.

6. Defendant is an employer engaged in an industry affecting commerce and maintains its principal place of business at 351 West Huron Street, Chicago, Illinois 60610.

7. Defendant employs or has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the Collective Bargaining Agreement or agreements referred to herein, by the terms of which Defendant was required to contribute to the Funds.

8. Plaintiff is advised and believes that Defendant has failed to submit the required payments to the Funds pursuant to the terms of the Collective Bargaining Agreement by which it was bound, all in violation of its contractual obligations and its obligations under applicable federal statutes.

9. As a result of the above-described omissions and breaches of agreement by Defendant, Plaintiff may be required to (a) deny the employee beneficiaries for whom contributions have not been made the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide to employees of Defendant the benefits provided under the benefit plan, notwithstanding Defendant's failure to make the required contributions thereto, thereby reducing the corpus of such Funds and endangering the rights of the employee beneficiaries thereunder on whose behalf contributions are being made, all to their substantial and irreparable injury.

10. Plaintiff, in its behalf, and on behalf of all employees for whose benefit the Funds were established, have requested Defendant to perform its obligations, but Defendant has refused and failed to perform as herein alleged.

11. Plaintiff is without an adequate remedy at law and will suffer immediate, continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the Collective Bargaining Agreement and the Trust Agreement, and is restrained from continuing to refuse to perform as thereunder required.

12. Defendant is delinquent to the Fund for December 2007, January and February 2008, in the estimated amount of $7,500.00.

WHEREFORE, Plaintiff prays:

(a) That judgment enter in favor of Plaintiff and against Defendant in the estimated amount of SEVEN THOUSAND FIVE HUNDRED AND 00/100 DOLLARS ($7,500.00).

(b) That Plaintiff be awarded its costs, including reasonable attorney's fees incurred in the prosecution of this action as provided in the Collective Bargaining Agreement and under the applicable provisions of ERISA, as amended.

(c) That interest and/or liquidated damages be assessed against Defendant as provided in the Collective Bargaining Agreement and the applicable provisions of ERISA, as amended.

(d) That Defendant be specifically ordered to furnish to Plaintiff the required monthly contribution reports and payments due thereunder and to continue to perform all obligations on Defendant's part according the terms and conditions of its Collective Bargaining Agreement.

(e) For such other and further relief as the Court may determine just and proper.

/s/ Robert B. Greenberg
Asher, Gittler, Greenfield & D'Alba, Ltd.
200 West Jackson Boulevard
Suite 1900
Chicago, Illinois 60606
(312) 263-1500
IL ARDC#:  01047558