IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **LOCAL 710 HEALTH & WELFARE FUND,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   08 C 1631 |
| | ) | |
| **SCALA PACKING COMPANY, INC.,** | ) | Judge Coar |
| an Illinois Corporation, | ) | |
| | ) | Mag. Judge Cox |
| Defendant. | ) | |

## MOTION FOR DEFAULT JUDGMENT

NOW COME the Plaintiffs and move this Honorable Court to enter a default judgment on behalf of the Plaintiffs and against Defendant on the grounds that the Defendant has failed to answer or otherwise defend to the Complaint of the Plaintiffs, a copy of which is attached hereto as Exhibit "A".  Said Defendant was served on March 20, 2008, as more fully appears from the Affidavit of Service, a copy of which is attached hereto as Exhibit "B".

WHEREFORE, Plaintiffs request the following relief:

1.      That default judgment be entered against the Defendant herein, SCALA PACKING COMPANY, INC., an Illinois Corp., and that the Complaint filed herein be taken as confessed.

2.      That judgment be entered forthwith against the Defendant and in favor of Plaintiffs for the period January 1, 2004, through March 31, 2008, in the amount of $63,792.92.

3. That interest and/or liquidated damages be assessed against the Defendant as provided in the Collective Bargaining Agreement and the applicable provisions of the Pension Reform Act.

4. That Defendant is ordered to produce its books and records for the period January 1, 2006, through December 31, 2007, within 20 days from the date of this Order, and to pay to Plaintiff the amount found due and owing in accordance with the applicable provisions of its collective bargaining agreement.

5. That the Defendant be ordered to comply with and perform according to the terms and conditions of its Collective Bargaining Agreement and the applicable provisions of ERISA as amended.

6. For such other and further relief as the Court may deem just and proper, including reasonable attorney's fees and court costs which are sustained.

/s/ Robert B. Greenberg
Asher, Gittler, Greenfield & D'Alba, Ltd.
200 West Jackson Boulevard
Suite 1900
Chicago, Illinois 60606
(312) 263-1500
IL ARDC#: 01047558

Dated: April 14, 2008

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOCAL 710 HEALTH & WELFARE FUND,<br><br>Plaintiff,<br><br>v.<br><br>SCALA PACKING COMPANY, INC.,<br>an Illinois Corporation,<br><br>Defendant. | FILED: MARCH 20, 2008<br>08CV1631         TC<br>JUDGE COAR<br>No.   MAGISTRATE JUDGE COX |

## COMPLAINT

Plaintiff, LOCAL 710 HEALTH & WELFARE FUND, by and through their Attorney, Robert B. Greenberg of Asher, Gittler, Greenfield & D'Alba, Ltd., complaining of Defendant, SCALA PACKING COMPANY, INC., an Illinois Corporation, alleges as follows:

1. This action is brought under the provisions of Sections 502(g)(2), (a)(3), of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C., Secs. 1132(g)(2), (a)(3), and 1145.

2. Jurisdiction in this Court is based upon Sections 502(e)(1) and 502(e)(2) of ERISA [29 U.S.C. Sec. 1132(e)(1) and (e)(2)], which states in relevant part:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

-1-

Exh. "A"

3. The LOCAL 710 HEALTH, WELFARE AND PENSION FUNDS, ("Funds") have been established pursuant to collective bargaining agreements heretofore entered into between the International Brotherhood of Teamsters, Local Union No. 710 ("Union") and Defendant, and the Funds are maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA and other applicable federal law and the Funds are administered pursuant to the terms and provisions of a certain Restated Agreement and Declaration of Trust ("Trust Agreement").

4. The Funds' offices are located at 4217 South Halsted Street, Chicago, Illinois 60609, and the Funds are administered in the Northern District of Illinois.

5. As provided in the Trust Agreement, Plaintiff is required to receive, hold and manage all monies required to be contributed to the Funds in accordance with the provisions of the then applicable Collective Bargaining Agreement for the uses and purposes set forth in the Trust Agreement.

6. Defendant is an employer engaged in an industry affecting commerce and maintains its principal place of business at 351 West Huron Street, Chicago, Illinois 60610.

7. Defendant employs or has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the Collective Bargaining Agreement or agreements referred to herein, by the terms of which Defendant was required to contribute to the Funds.

8. Plaintiff is advised and believes that Defendant has failed to submit the required payments to the Funds pursuant to the terms of the Collective Bargaining Agreement by which it was bound, all in violation of its contractual obligations and its obligations under applicable federal statutes.

9.   As a result of the above-described omissions and breaches of agreement by Defendant, Plaintiff may be required to (a) deny the employee beneficiaries for whom contributions have not been made the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide to employees of Defendant the benefits provided under the benefit plan, notwithstanding Defendant's failure to make the required contributions thereto, thereby reducing the corpus of such Funds and endangering the rights of the employee beneficiaries thereunder on whose behalf contributions are being made, all to their substantial and irreparable injury.

10.   Plaintiff, in its behalf, and on behalf of all employees for whose benefit the Funds were established, have requested Defendant to perform its obligations, but Defendant has refused and failed to perform as herein alleged.

11.   Plaintiff is without an adequate remedy at law and will suffer immediate, continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the Collective Bargaining Agreement and the Trust Agreement, and is restrained from continuing to refuse to perform as thereunder required.

12.   Defendant is delinquent to the Fund for December 2007, January and February 2008, in the estimated amount of $7,500.00.

WHEREFORE, Plaintiff prays:

(a)   That judgment enter in favor of Plaintiff and against Defendant in the estimated amount of SEVEN THOUSAND FIVE HUNDRED AND 00/100 DOLLARS ($7,500.00).

(b) That Plaintiff be awarded its costs, including reasonable attorney's fees incurred in the prosecution of this action as provided in the Collective Bargaining Agreement and under the applicable provisions of ERISA, as amended.

(c) That interest and/or liquidated damages be assessed against Defendant as provided in the Collective Bargaining Agreement and the applicable provisions of ERISA, as amended.

(d) That Defendant be specifically ordered to furnish to Plaintiff the required monthly contribution reports and payments due thereunder and to continue to perform all obligations on Defendant's part according the terms and conditions of its Collective Bargaining Agreement.

(e) For such other and further relief as the Court may determine just and proper.

/s/ Robert B. Greenberg
Asher, Gittler, Greenfield & D'Alba, Ltd.
200 West Jackson Boulevard
Suite 1900
Chicago, Illinois 60606
(312) 263-1500
IL ARDC#: 01047558

AO 440 (Rev. 5/85) Summons in a Civil Action

# United States District Court

NORTHERN DISTRICT OF ILLINOIS

Eastern Division

LOCAL 710 HEALTH & WELFARE FUND,
Plaintiff,

v.

SCALA PACKING COMPANY, INC., an
Illinois Corporation,
Defendant.

SUMMONS IN A CIVIL ACTION

CASE NUMBER:

JUDGE: 08CV1631
JUDGE COAR
MAGISTRATE JUDGE COX

TO: (Name and Address of Defendant)

SCALA PACKING COMPANY, INC., an Illinois Corporation
c/o: PASCAL G. SCALA, Registered Agent
351 West Huron Street
Chicago, IL 60610

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

ROBERT B. GREENBERG, ESQ.
ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.
200 West Jackson Boulevard
Suite 1900
Chicago, Illinois 60606
(312) 263-1500

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael W. Dobbins, Clerk

*J. Cervantes* (signature)

--------------------------------
(By) DEPUTY CLERK

March 20, 2008
--------------------------------
Date

BY DEPUTY CLERK

Exh."B"

# RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me [1] | 3-20-2008 |
| NAME OF SERVER (PRINT) | TITLE |
| Bernard L. Flore | Process Server |

Check one box below to indicate appropriate method of service

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☒ Other (specify): Served Xavier Smith Supervisor of Scala Packing Co.

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| 15.00 | | 15.00 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 3-23-2008
Date

Signature of Server: *Bernard Leflore*

Address of Server: 200 W. JACKSON Suite 1900

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LOCAL 710 HEALTH & WELFARE FUND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   08 C 1631 |
| | ) | |
| SCALA PACKING COMPANY, INC., | ) | Judge Coar |
| an Illinois Corporation, | ) | |
| | ) | Mag. Judge Cox |
| Defendant. | ) | |

## AFFIDAVIT

BRIAN J. O'MALLEY, on oath and duly sworn, states:

1. Affiant is the Fund Administrator of Local 710 Health and Welfare Fund.

2. Based upon an examination of Defendant's reports and records performed under my direction and control, Affiant finds the Defendant, SCALA PACKING COMPANY, INC., an Illinois Corporation, to be delinquent in its contributions to the Plaintiff Funds for the period January 1, 2004 through March 31, 2008, in the amount of $63,792.92, which amount includes shortages, liquidated damages and interest.

BRIAN J. O'MALLEY

Subscribed and Sworn to before me
this ____ day of _____ 2008.

OFFICIAL SEAL
ROBERT BARNETT GREENBERG
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 06/28/09

NOTARY PUBLIC

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOCAL 710 HEALTH & WELFARE FUND, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SCALA PACKING COMPANY, INC., ) <br> an Illinois Corporation, ) <br> ) <br> Defendant. ) | No.  08 C 1631 <br><br> Judge Coar <br><br> Mag. Judge Cox |

### AFFIDAVIT

ROBERT B. GREENBERG, attorney for Plaintiff, LOCAL 710 HEALTH & WELFARE FUND, on oath and duly sworn, states:

1. That I am an attorney licensed to practice in the State of Illinois for 44 years and a member of the Federal Bar.

2. That I represent the Plaintiff, LOCAL 710 HEALTH & WELFARE FUND, and our billing rate is $195.00 per hour.

3. That I have billed our clients a total of $1,267.50 for legal services in the matter of SCALA PACKING COMPANY, INC., an Illinois Corp.

4. That costs in the amount of $350.00 for filing and service of Summons have been incurred by Plaintiff.

_____
ROBERT B. GREENBERG

Subscribed and Sworn to before me
this 14th day of April, 2008.

_____
NOTARY PUBLIC

OFFICIAL SEAL
JACQUELINE S WHARTON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES: 11/22/11